UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

KRYSTAL MACK,

Defendant.

08-CR-806

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On January 8, 2010, Krystal Mack was convicted by jury verdict of Count One of a two-count superseding indictment, which charged that between April 17, 2007 and April 20, 2007 defendant attempted to use intimidation and corruptly persuade another corrections officer, with intent to hinder, delay and prevent the communication to a law enforcement officer of the United States, of information relating to the commission and possible commission of a federal offense, in violation of 18 U.S.C. § 1512(b)(3).

Mack was sentenced on July 27, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 18 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 27 and 33 months. The calculation of the total offense level included a two-point enhancement for use of a position of public trust, and a two-point enhancement for obstruction of justice. No reduction of the total offense level was made under section 2X1.1(b)(1) of the Guidelines based on defendant's contention that the crime of conviction was an attempt; attempts are specifically included in the statutory definition of the offense. *See* 18 U.S.C. § 1512(b)(3). Even if these calculations were excessive from defendant's point of view, the sentence would be the same under section 3553(a). The offense carried a maximum term of imprisonment of 20 years. 18 U.S.C. § 1512(b)(3). The guidelines range of fine was from $6,000 to $60,000.

Mack was sentenced to five years' probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that she will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense is a serious one. Defendant sought to work a substantial subversion of justice. Prior to this offense, she had a long record of good conduct, including an excellent work record and some advanced education. She has strong relationships with a very supportive family, and her siblings and mother are hard-working people who have performed highly useful and important jobs in the civil service and related areas. The offense appears to be an aberration in defendant's conduct. The victim of this incident has already received some compensation from a court settlement; the need for restitution to the victim is not a substantial factor. Defendant has lost her position as a result of this conviction and is currently unemployed. She will suffer substantially from not being able in the future to work in her chose field. A sentence of five years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in intimidation and corrupt persuasion will result in a substantial punishment. Specific deterrence is achieved through the impact of this conviction on the defendant's employability, and specifically her inability in the future to pursue work in her

chosen profession in the field of corrections. It is unlikely that she will engage in further criminal activity in light of her strong relationships with her supportive family and her good record prior to the crime of conviction.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: July 29, 2010
       Brooklyn, New York